# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

MATTHEW D PERKINS,

    Plaintiff,

v.

KYLE N BYWATER; and
KISSIMMEE POLICE
DEPARTMENT,

    Defendants.

Case No. 6:24-cv-1109-CEM-RMN

## REPORT AND RECOMMENDATION

Matthew D. Perkins, proceeding *pro se*, has filed a civil complaint against Officer Kyle N. Bywater and the Kissimmee Police Department (Dkt. 1), and a Motion to Process *in forma pauperis* ("IFP Motion," Dkt. 2). Considering the standards the Court must apply and the allegations in the Complaint, I respectfully recommend denying the IFP Motion and dismissing the Complaint with leave to file an amended complaint.

### I. LEGAL STANDARDS

While reviewing the allegations in the Complaint and the IFP Motion, the Court must consider the standards below.

A. **Subject Matter Jurisdiction Standards**

Federal courts have an independent duty to determine whether subject matter jurisdiction exists. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). A federal court may have jurisdiction under a specific statutory grant, federal question jurisdiction under 28 U.S.C. § 1331, or diversity jurisdiction under 28 U.S.C. § 1332(a). *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997). Federal question jurisdiction under 28 U.S.C. § 1331 "aris[es] under the Constitution, laws, or treaties of the United States." Federal jurisdiction pursuant to 28 U.S.C. § 1332 exists only when there is complete diversity between the plaintiffs and defendants. *Owen Equip. & Recreation Co. v. Kroger*, 437 U.S. 365, 373 (1978). To achieve "complete diversity," no plaintiff may be a citizen of the same state as any defendant. *Id.*

B. **Pleading Standards**

A complaint must state a claim for relief that includes (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) "a demand for the relief sought[.]" Fed. R. Civ. P. 8(a). Each allegation must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

A complaint must allege facts, accepted as true, that state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard asks for less than a probability but "more than a sheer possibility

that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Complaints that fail to comply with procedural rules "are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). Examples of shotgun pleadings include a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action" and a complaint with "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Barmapov v. Amuial*, 986 F.3d 1321, 1324–25 (11th Cir. 2021) (alteration in original). When faced with a shotgun pleading, dismissal may be appropriate. *Weiland*, 792 F.3d at 1320.

### C.     Liberal Construction Standards

A court must construe a pleading drafted by a pro se litigant liberally and hold the pleading to a less stringent standard than one drafted by a lawyer. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Liberal construction does not mean forgiving noncompliance with procedural rules. *McNeil v. United States*, 508 U.S. 106, 113 (1993).

**D.     In Forma Pauperis Standards**

A court may authorize a plaintiff to initiate a lawsuit without prepaying fees. 28 U.S.C. § 1915(a)(1). While a litigant need not show he is "absolutely destitute," he must show an inability "to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004).

That said, the United States Supreme Court has observed that "a litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Thus, before a plaintiff may proceed in forma pauperis, a court must review the complaint to determine whether it is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the lawsuit. *Neitzke*, 490 U.S. at 324.

## II.   ANALYSIS

I consider first if Plaintiff qualifies to proceed *in forma pauperis*. I then consider the adequacy of Plaintiff's Complaint.

**A.     Financial Information**

When considering an IFP Motion, the Court must assess whether the statements in the IFP application or accompanying declaration satisfy the

requirement of poverty. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (quoting *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976)). The Court does this by comparing the applicant's assets, income, and liabilities. *See, e.g., id.* at 1307–08 (noting that "the district court was unable to compare Martinez's assets with her liabilities in order to determine whether she satisfied the poverty requirement"). Based on the information provided in the application, the Court determines that Plaintiff is unable to pay the costs of this action pursuant to 28 U.S.C. § 1915(a). *See* Dkt. 2.

### B. The Adequacy of the Complaint

Plaintiff brings claims against Defendants for offenses allegedly committed during a traffic stop. Plaintiff alleges Defendant Bywater pulled him over, ticketed him, and arrested him for improper display of plates, and refusal to show identification. Dkt. 1 at 4. He also contends Defendants violated 18 U.S.C. §§ 241 and 242, and the First, Fourth, and Sixth Amendments of the United States Constitution. *Id.*; Dkt. 1-1. I consider each set of claims in turn.

#### i. 18 U.S.C. §§ 241 and 242 Claims

Plaintiff first attempts to bring claims against Defendants pursuant to 18 U.S.C. § 241 and 18 U.S.C. § 242. These are criminal statutes and do not give rise to a private cause of action. *See Holt v. Baker*, 710 F. App'x 422, 424 (11th Cir. 2017) (quoting *Hanna v. Home Ins. Co.*, 281 F.2d 298, 303 (5th Cir.

1960))). Plaintiff therefore cannot state a claim based on an alleged violation of these statutes.

### ii. First, Fourth, and Sixth Amendments to the United States Constitution Claims

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law and (2) such deprivation occurred under color of state law." *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted). "More than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983." *Hannah v. Union Corr. Inst.*, No. 3:12-cv-436, 2012 WL 1413163, at *1 (M.D. Fla. Apr. 23, 2012) (citing *L.S.T., Inc., v. Crow*, 49 F.3d 679, 684 (11th Cir. 1995) (per curiam); *Fullman v. Graddick*, 739 F.2d 553, 556–57 (11th Cir. 1984)). "[I]n the absence of a federal constitutional deprivation or violation of a federal right, Plaintiff cannot sustain a cause of action against the Defendant under 42 U.S.C. § 1983." *Id.*

A Section 1983 claim must also be well-pled, and so "[v]ague and conclusory allegations lacking factual support cannot support a viable § 1983 cause of action." *Cedeno v. Gee*, No. 8:10-cv-484, 2010 WL 1417273 (M.D. Fla. Apr. 7, 2010). Though Plaintiff tries to allege violations of the First, Fourth, and Sixth Amendments by Defendant Bywater—who, as a police officer, acts

under the color of state law—Plaintiff does not provide sufficient factual support to establish how those constitutional rights were violated.

The Fourth Amendment guarantees that all individuals "will be secure in their person . . . against unreasonable seizures." U.S. Const. amend. IV. "A traffic stop is a seizure within the meaning of the Fourth Amendment." *Williams v. Miami-Dade Police Dep't*, 297 Fed. App'x 941, 944 (11th Cir. 2008) (unpublished opinion) (citing *Delaware v. Prouse*, 440 U.S. 648, 653 (1979)). A claim for false arrest falls within the rights protected by the Fourth Amendment's guarantee against unreasonable seizure and is cognizable under Section 1983. *See Ortega v. Christian*, 85 F.3d 1521, 1525 (11th Cir.1996) ("A warrantless arrest without probable cause violates the Fourth Amendment and forms a basis for a section 1983 claim.") (citation omitted).

But this is so only if the individual is arrested without probable cause. *See Brescher v. Von Stein*, 904 F.2d 572, 578 (11th Cir. 1990). Probable cause is a nontechnical inquiry that deals with the factual and practical considerations of everyday life on which reasonable and prudent people act. *Maryland v. Pringle*, 540 U.S. 366, 370 (2003). It is a fluid concept that turns on the assessment of probabilities in a particular context. *Id*. at 370–71.

Plaintiff has not alleged facts that, if taken as true, would establish that Defendant Bywater did not have probable cause for the arrest. Plaintiff alleges that he was pulled over, ticketed, and arrested for improper display of plates

and refusal to show identification. Dkt. 1 at 4. He does not provide factual allegations that establish or suggest the traffic stop and his arrest were improper. *See id*. He contends only that he did not have to show identification and that his arrest was illegal. *Id*. More is needed to establish that Defendant Bywater did not have probable cause for Plaintiff's arrest.

The Eleventh Circuit recently addressed similar allegations in *Johnson v. Nocco*, 91 F.4th 1114 (11th Cir. 2024). There, a Florida deputy sheriff stopped a vehicle towing a trailer because the trailer's license tag was obscured. *Id*. at 1118 & fn.5 (citing Fla. Stat. § 316.605(1)). The driver turned over his driver's license and the vehicle's registration when asked, but Johnson, a passenger, refused to identify himself or provide identification. *Id*. The officer arrested Johnson for resisting without violence. *Id*. Johnson sued the officer in federal court, who then sought dismissal of Johnson's claims based on qualified immunity. *Id*. at 1118–19. The district court found that the deputy was not entitled to qualify immunity. *Id*. at 1119–20.

On appeal, the Court concluded that the deputy lawfully stopped the vehicle and detained its driver and passengers pending the deputy's inquiry into the vehicular violation. *Johnson*, 91 F.4th at 1121. Given this, the court reasoned the deputy had a two-fold mission during the stop: (1) address the traffic violation; and (2) attend to related safety concerns. *Id*. The Court then explained that the deputy could lawfully make ordinary inquiries incident to a

traffic stop, such as requesting the driver produce his driver's license and the vehicle's registration, for as long as is reasonably necessary without violating the Fourth Amendment. *Id.* at 1121–22 (citing and quoting *Rodriguez v. United States*, 575 U.S. 348, 355 (2015)).

Like the stop in *Johnson*, Defendant Bywater allegedly stopped Plaintiff's vehicle after observing a vehicular violation. And like the deputy in *Johnson*, Defendant Bywater allegedly asked Plaintiff to produce his driver's license. Unlike the driver in *Johnson*, however, Plaintiff refused the officer's request. Because Defendant Bywater can make ordinary inquiries incident to a lawful traffic stop, his request to Plaintiff does not, standing alone, violate the Fourth Amendment. *Johnson*, 91 F.4th at 1121–22. Thus, absent more detailed factual allegations about the stop and arrest, Plaintiff has failed to state a Fourth Amendment claim under section 1983 based on the traffic stop or his arrest.

So too for Plaintiff's First and Sixth Amendment claims. The First Amendment provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." U.S. Const. amend. I. Plaintiff has not identified which clause of the First Amendment Defendant Bywater allegedly violated or provided any factual

allegations relating to the First Amendment. Thus, Plaintiff has failed to state a claim under the First Amendment.

As to the Sixth Amendment, it provides:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense.

U.S. Const. amend. VI. Plaintiff has not identified which clause of the Sixth Amendment Defendant Bywater allegedly violated or provided any factual allegations relating to the Sixth Amendment. Thus, Plaintiff has failed to state a claim under the Sixth Amendment.

In sum, Plaintiff has failed to state a claim for violations of the First, Fourth, and Sixth Amendments under section 1983 based on the traffic stop conducted by Defendant Bywater and Plaintiff's subsequent arrest. As such, I respectfully recommend the Complaint be dismissed without prejudice and Plaintiff be given leave to amend.

### III.  CONCLUSION

Accordingly, I respectfully **RECOMMEND**:

1. Plaintiff's Motion to Proceed *in forma pauperis* (Dkt. 2) be **DENIED**;

2. Plaintiff's Complaint (Dkt. 1) be **DISMISSED without prejudice**; and

3. Plaintiff be **GRANTED** leave to file an amended complaint.

## NOTICE TO PARTIES

"Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id*. A party's failure to serve and file specific objections to the proposed findings and recommendations alters review by the district judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**Entered** in Orlando, Florida, on August 19, 2024.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

Hon. Carlos E. Mendoza

Matthew D Perkins
605 Jersey Avenue
Saint Cloud, Florida 34769